# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN NOEL,

       Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

       Agency.

DOCKET NUMBER
PH-0752-15-0172-A-1

DATE: July 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Landrigan</u>, Esquire, and <u>Sara A. Buchholz</u>, Esquire,
   Washington, D.C., for the appellant.

<u>Lauren Russo</u>, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the addendum initial decision, which granted the appellant's motion for attorney fees. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the addendum initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant filed a Board appeal of the agency's demotion action.  *Noel v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0172-I-1, Initial Appeal File (IAF), Tab 1.  The parties entered into a settlement agreement resolving the appeal on May 13, 2015, IAF, Tab 9, and they amended the agreement on June 5, 2015, IAF, Tab 10.  In relevant part, the agency agreed to pay the appellant at the GS-12-08 level for a period of 2 years, effective December 28, 2014.  *Id.*  There was no set time requirement for such payment in the agreement.  IAF, Tabs 9-10.  The administrative judge entered the agreement into the record for enforcement purposes and issued an initial decision dismissing the appeal as settled.  IAF, Tab 11, Initial Decision.  Neither party petitioned for review of the initial decision.

¶3        On October 13, 2015, the appellant filed a petition for enforcement alleging that the agency had failed to comply with the terms of the settlement agreement.  *Noel v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0172-C-1, Compliance File (CF), Tab 1.  In particular, the appellant alleged that she

had not yet received back pay or current pay at the agreed-upon rate, and that the agency had erroneously double-charged her for a debt. *Id.* at 4-5. In a response dated November 4, 2015, the agency asserted that it was taking steps to correct various processing errors and to implement fully the settlement agreement. CF, Tab 3 at 4-5. After the case was reassigned to a new administrative judge, CF, Tab 4, he held a status conference on February 9, 2017, CF, Tab 5. On March 7, 2017, the appellant filed a motion to dismiss the petition for enforcement as withdrawn based on her representation that the agency was now in compliance. CF, Tab 6. The administrative judge issued a compliance initial decision dismissing the petition for enforcement as withdrawn. CF, Tab 7, Compliance Initial Decision. Neither party petitioned for review of the compliance initial decision.

¶4 On June 12, 2017, the appellant filed a motion for attorney fees related to the underlying compliance proceeding and the fee motion itself. *Noel v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0172-A-1, Attorney Fee File (AFF), Tab 1. The administrative judge issued an addendum initial decision granting in full the appellant's motion for attorney fees in the amount of $10,180.30. AFF, Tab 6, Addendum Initial Decision (AID) at 2, 10.

¶5 The agency has filed a petition for review of the addendum initial decision. Petition for Review (PFR) File, Tab 1. The appellant has filed a response,[2] PFR File, Tab 3, to which the agency has replied, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 In its petition for review, the agency claims that the addendum initial decision contains an erroneous finding of material fact. PFR File, Tab 1 at 7-10. Specifically, the agency disputes the administrative judge's finding that the

---

[2] The appellant requests an additional $4,457.50 in attorney fees for preparing a response to the agency's petition for review, and she has provided supporting documentation. PFR File, Tab 3 at 9-10, 12-13. We will address this request below.

agency did not fully comply with the terms of the settlement agreement until February 2017,[3] more than 1 and a half years after the parties entered into the settlement agreement and amended agreement. *Id.*; AID at 4-6, 10. The agency asserts that it remedied all of its errors in processing the appellant's pay by the pay period ending on December 12, 2015. PFR File, Tab 1 at 6, 8. For the first time on review, the agency has submitted the appellant's earning and leave statements for the pay periods ending on November 28 and December 12, 2015.[4] *Id.* at 12-13. In response, the appellant disputes the agency's assertion that it was in compliance by the pay period ending on December 12, 2015. PFR File, Tab 3 at 8. She claims that, in January 2016, the agency reviewed its calculations at her request, discovered an error, and submitted another remedy ticket. *Id.*

¶7      The agency has failed to explain why it could not have provided evidence of compliance before the record closed despite its due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010) (explaining that, although an appellant bears the ultimate burden of proving the agency's noncompliance, the agency bears the burden of producing relevant, material, and credible evidence of its compliance). Although the agency's response to the appellant's motion for attorney fees includes an email showing that Human Resources received a ticket on December 1, 2015, regarding the appellant's retroactive earnings, we find that the email does not prove that the agency actually paid her back pay. AFF, Tab 4 at 53. Nevertheless, for the reasons discussed below, we find that the agency has failed to provide a reason to disturb the addendum initial decision.

---

[3] Both parties represented that, at the February 2017 status conference, the appellant confirmed that the agency was in compliance. AFF, Tab 1 at 5, Tab 4 at 5.

[4] The agency's additional submission of evidence is incomprehensible. PFR File, Tab 1 at 11.

¶8      An appellant bears the burden of proving her entitlement to attorney fees by showing the following: (1) an attorney-client relationship existed and fees were incurred; (2) she is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable. *Shelton*, 115 M.S.P.R. 177, ¶ 12. Here, the agency does not dispute, and we discern no reason to disturb, the administrative judge's finding that the appellant proved the first element. AID at 3. Accordingly, we limit our discussion to the remaining three elements in dispute. PFR File, Tab 1 at 9.

The appellant is the prevailing party.

¶9      To show that she is the prevailing party in the underlying compliance proceeding, the appellant must establish that the agency materially breached the settlement agreement at issue. *Shelton*, 115 M.S.P.R. 177, ¶ 12. A breach is material when it relates to a matter of vital importance or goes to the essence of the contract. *Littlejohn v. Department of the Air Force*, 69 M.S.P.R. 59, 62 (1995). Here, the agency does not dispute, and we discern no reason to disturb, the administrative judge's well-supported finding that paying the appellant for a 2-year period was a significant provision of the settlement agreement. AID at 4. Although the agreement was silent as to the time of performance of that provision, a reasonable time under the circumstances will be presumed. *Shelton*, 115 M.S.P.R. 177, ¶ 12. As described above, the agency claims that it corrected its errors in processing the appellant's pay for the 2-year period (consisting of retroactive and prospective pay at the GS-12-08 level) by the pay period ending on December 12, 2015, approximately 6 months after the parties executed the amended settlement agreement. PFR File, Tab 1 at 6. Even assuming, without deciding, that the agency's claim is true, we find that a 6-month delay in the agency's compliance with a significant provision of the agreement is unreasonable under the circumstances. *See, e.g.*, *Del Balzo v. Department of the Interior*, 72 M.S.P.R. 55, 60 (1996) (finding a 3- to 4-month delay in complying with the terms of a settlement agreement to be unreasonable), *overruled on other*

*grounds by Shelton*, 115 M.S.P.R. 177, ¶ 8. Therefore, we agree with the administrative judge's finding that the agency materially breached the settlement agreement, and thus, that the appellant is the prevailing party. AID at 4-5.

An award of fees is warranted in the interest of justice.

¶10      As the administrative judge correctly stated, the interest of justice is served by the award of attorney fees when an agency delays compliance beyond the time set by a settlement agreement. AID at 6; *see Whaley v. U.S. Postal Service*, 61 M.S.P.R. 340, 347 (1994), *overruled on other grounds by Shelton*, 115 M.S.P.R. 177, ¶ 8. Here, because we find that a 6-month delay in the agency's compliance is unreasonable under the circumstances, we agree with the administrative judge's finding that the interest of justice is served by the award of attorney fees. AID at 6; *see Shelton*, 115 M.S.P.R. 177, ¶ 12.

The requested fees are reasonable.

¶11      The agency further argues that, even assuming that a 6-month delay in its compliance is unreasonable, the fees incurred from January 2016 to the present are not reasonable. PFR File, Tab 6 at 6-7. In determining a reasonable fee award, the Board starts with the "lodestar" amount, i.e., the hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *Driscoll v U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 (2011). Here, the agency does not dispute, and we discern no reason to disturb, the administrative judge's finding that the appellant claimed reasonable hourly rates. AID at 7-8. Thus, the relevant inquiry is whether the appellant has established the reasonableness of the claimed hours. *See Driscoll*, 116 M.S.P.R. 662, ¶ 11 (explaining that the burden of establishing the reasonableness of the hours claimed is on the party moving for an award of attorney fees). Because no hearing was held in the underlying compliance proceeding, we need not defer to the administrative judge's determination as to the reasonableness of the claimed hours. *Gubino v. Department of Transportation*, 85 M.S.P.R. 518, ¶ 26 (2000). We therefore

consider the administrative judge's finding on the reasonableness of the claimed hours in light of the agency's arguments on review.

¶12     The agency's main argument is that the legal work performed by the appellant's attorneys from January 2016 until the present did not contribute significantly to the success of the compliance proceeding.  PFR File, Tab 6 at 6-7.  The agency cites *Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408 (2004), to support its argument.  PFR File, Tab 6 at 6.  The Board stated in *Sowa*, 96 M.S.P.R. 408, ¶ 16, that fees may be awarded for time spent on a separate and optional, but factually related proceeding, if the claimed portion of work done is reasonable and the work done in the other proceedings, or some discrete portion thereof, significantly contributed to the success of the subsequent Board proceeding and eliminated need for work that otherwise would have been required.  We find that the agency has failed to establish, and the record does not suggest, that the appellant claimed fees for time spent on a related prior proceeding.  AFF, Tab 1 at 17-24, Tab 3 at 10, Tab 5 at 10.  Instead, the record reflects that the appellant's claimed fees related to the underlying compliance proceeding and this addendum proceeding.  AFF, Tab 1 at 17-24, Tab 3 at 10, Tab 5 at 10.  Thus, we find that the legal principle stated in *Sowa* does not apply to the instant case.

¶13     Even assuming, without deciding, that the agency was in compliance sometime around December 2015, we find that the fees incurred from January 2016 are reasonable.  Based on our review of the record, we find that the appellant's attorneys spent a reasonable amount of time from January 2016 tracking the agency's compliance, monitoring the compliance proceeding, preparing for the February 2017 status conference, drafting a motion to dismiss the petition for enforcement, reviewing the compliance initial decision, and preparing for the collection of fees related to the compliance proceeding.  AFF, Tab 1 at 20-24.  We are not persuaded by the agency's assertion that hours claimed for internal review, indexing, and status reports are not reasonable.  PFR

File, Tab 6 at 7; *see Driscoll*, [116 M.S.P.R. 662](#), ¶ 17 (finding that the appellant was entitled to fees for time reasonably spent on email status reports and consultations). In particular, we agree with the administrative judge's finding that the fees claimed for document indexing are reasonable. AID at 8-9; *see Thomas v. U.S. Postal Service*, [87 M.S.P.R. 331](#), ¶¶ 19-21 (2000) (finding that the administrative judge appropriately awarded fees for clerical service at a nonlegal rate), *overruled on other grounds by Shelton*, [115 M.S.P.R. 177](#), ¶ 10. Moreover, we find that the agency has failed to articulate a reason why the Board should disallow fees claimed for work performed in connection with the appellant's successful motion for attorney fees. AFF, Tab 1 at 24, Tab 3 at 10, Tab 5 at 10; *see Driscoll*, [116 M.S.P.R. 662](#), ¶ 30 (finding that, in addition to fees for hours expended on the underlying appeal, the appellant was entitled to compensation for reasonable fees incurred regarding her successful attorney fee petition). Therefore, we agree with the administrative judge's conclusion that the appellant is entitled to attorney fees for all claimed hours. AID at 10.

<u>The appellant is entitled to additional fees.</u>

¶14        In addition to the attorney fees awarded by the administrative judge, the appellant requests $4,457.50 for fees incurred in preparing her response to the agency's petition for review. PFR File, Tab 3 at 9-10. Attorney time spent preparing a response to an agency's petition for review is compensable. *Johnston v. Department of the Treasury*, [104 M.S.P.R. 527](#), ¶ 3 (2007). Here, the agency has not opposed the appellant's motion for additional fees, and we have no reason to doubt the reasonableness of the hours expended. PFR File, Tab 3 at 12-13. We therefore grant the appellant's motion and conclude that she is entitled to receive $14,637.80 in total attorney fees and costs. This amount represents the $10,180.30 awarded by the administrative judge plus $4,457.50 for fees incurred in preparing the response to the agency's petition for review.

**ORDER**

¶15 We ORDER the agency to pay the attorney of record $14,637.80 in fees. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶16 We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17 No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS[5]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.